## JOSEPH P. MANTON, RESPONDENT, v. J. MORTON POOLE, AND OTHERS, APPELLANTS.

*Attachment—affidavit for, must state a cause of action—mere recital of facts insufficient.*

The affidavit on which an attachment is granted must show that a cause of action exists in favor of plaintiff.

It must state the facts out of which the cause of action arose.

A mere recital of facts without a direct statement of their existence is insufficient.

APPEAL from an order denying a motion to set aside an attachment.

The affidavit set forth, that the defendants were indebted to the plaintiff in the sum of $20,000 damages, and that the grounds of the plaintiff's claim were as follows, to wit: "The breach and violation by the said defendants of the covenants, agreements and conditions, on their part to be kept and performed, contained in a certain agreement and patent license, duly made on or about the 26th day of August, 1872, in writing, under seal, of that date duly executed by and between deponent, this plaintiff, as party of the first part thereto, and said defendants as parties of the second part thereto, and particularly the breach and violation by the said defendants of their covenant and agreement therein contained, to use all proper and reasonable efforts, by the employment of agents and canvassers, and by advertising, to make sales of the boilers in the territory, in and as in said agreement and license specified and provided, and to make the patent therein specified remunerative to this plaintiff, said party of the first part thereto, to the damage of the said plaintiff to said sum of $20,000." This was all that was stated for the purpose of showing the grounds of the claim, or the existence of a cause of action.

*James C. Carter*, for the appellants.

*John S. Washburn*, for the respondent.

Opinion by DANIELS, J.

Davis, P. J., and Brady, J., concurred.

Order reversed with ten dollars costs, besides disbursements, and motion granted, with ten dollars costs.